UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-542-GWU

KRAIG CAUDILL, PLAINTIFF,

VS: MEMORANDUM OPINION

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

The above-styled action is an appeal from an unfavorable decision on the plaintiff's claim for Disability Insurance Benefits (DIB) under the Social Security Act. The Commissioner has moved to dismiss the action, on the ground that this appeal to the federal courts was not filed within the requisite sixty-day period required by 42 U.S.C. Section 405(g).

## APPLICABLE LAW

An applicant for Social Security disability benefits must file a civil action in the district court within sixty days after the decision denying benefits is mailed to him as per Section 405(g). The Commissioner has interpreted "mailing" as the date of the claimant's receipt of the decision and, according to 20 C.F.R. Section 422.210(e), the date of receipt is presumed to be five days after the notice's date, unless the applicant makes a "reasonable" showing" to the contrary.

In the absence of arguments alleging an erroneous calculation of the sixty-day period, a plaintiff must contend that a motion to dismiss should be denied because "equitable circumstances" exist to toll the limitations period. Equitable tolling allows an action to proceed despite its having been brought

1

outside the statute of limitations when there exists exceptional circumstances that have prevented timely filing though no fault of the plaintiff. Ayers v. United States, 277 F.3d 821, 828 (6th Cir. 2002).

In Bowen v. City of New York, 476 U.S. 467 (1986), it was determined that the sixty-day period involved in Social Security disability benefit appeals could be tolled by equitable considerations. Bowen, 476 U.S. at 480. Such circumstances described by the Court in a footnote, included illness, accident, destruction of records, mistake or a claimant's misunderstanding of the appeals process. Id. at n. 12. In another type of case, the Court made it clear that while equitable tolling may be applied in suits against the government, it may be done only "sparingly" and not when there has been a "garden variety claim of excusable neglect." Irwin v. Department Veteran's Affairs, 498 U.S. 89, 96 (1990).

The undersigned has determined that courts in other circuits have found "equitable circumstances" which could justify the tolling of the appeal period to include situations:

> (1) Where a clandestine agency policy or procedure has a direct impact on the appeal procedure, or the ability to make meaningful decision to appeal to the federal courts--e.g., Bowen, 476 U.S. at 481; New York v. Sullivan, 906 F.2d 910 (2nd Cir. 1990); or
>
> (2) Where confusion over the status of a claim or the appeal procedure itself, on the part of either a claimant or his representative, is reasonably traceable to some conduct on the part of the agency or its representatives--e.g., Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987); Aschettino v. Sullivan, 724 F. Supp. 1116 (W.D. N.Y. 1989).

In any of these instances, the shorter the time lapse and the more diligent the conduct on the part of the claimant or his attorney, the more easily a court may find justification for the tolling.

In a published opinion, the Sixth Circuit Court of Appeals recently set out

five factors to determine the appropriateness of equitable tolling in the context a Social Security Appeal. These factors include:

> (1) the petitioner's lack of (actual) notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Cook v. Commissioner of Social Security, _F.3d_, No. 06-5429 (6th Cir. March 21, 2007).

## DISCUSSION

On August 24, 2006, the Appeals Council denied Caudill's request for a review of the Administrative Law Judge's (ALJ) denial of his claim for DIB. This action rendered the ALJ's decision the final decision of the Commissioner giving rise to judicial review within sixty days of receipt. 20 C.F.R. Section 404.981. Under the federal regulations, the plaintiff would be presumed to have received the notice by August 29, 2006, five days after the issuance of the notice. 20 C.F.R. Section 422.210(c). This provision gave the claimant until October 28, 2006 to file for judicial review as required by 42 U.S.C. Section 405(g). However, because October 28, 2006 was a Saturday, Fed. R. Civ. P. 60(a) extended the filing deadline until Monday, October, 30, 2006. Caudill did not file this action until December 12, 2006, 43 days after the statute of limitations had run. The defendant asserts that the plaintiff's complaint should be dismissed by the Court because it was filed well after the the sixty days from receipt as required by the statute.

Caudill asserts in the text of his response that he did not receive any notice of the Appeals Council's action until contacted by his attorney, Rodney

Davis. Davis indicates that he did not receive the notice until mid-October of 2006. Davis concedes that the notice was sent to his office. However, he alleges that it was mistakenly sent to his Irvine office rather than the Richmond office at which the attorney receives all of his correspondence relating to Social Security matters as per an agreement with the Social Security Administration. Upon receipt of the notice in mid-October, Davis states that he contacted his client and then prepared the filing as quickly as could be done. The claimant asserts that this mistake by the administration in sending the notice to the wrong office is the cause for the delay and supports a finding of "equitable tolling" of the statute of limitations in this action.

      The Court must reject Caudill's argument. The plaintiff has not submitted any evidence, such as an affidavit, to support his claim of never receiving the Appeals Council notice. The claimant does not dispute that the address on the top of the notice was his address. (Plaintiff's Exhibit No. 2). Thus, the Court must presume it arrived within five days. Attorney Davis asserts that the mailing of the notice to his Irvine office rather than his Richmond office was a mistake, but this does not excuse the fact that the plaintiff ought to have received the notice at his own home and acted upon it.

      Furthermore, attorney Davis has presented no evidence to support his claim that there was an agreement with the Social Security Administration to mail all correspondence to his Richmond office. Even if the existence of such an agreement were proven, Davis does not deny that the notice was received at his Irvine office nor presented any evidence that this receipt was delayed. He provides no explanation as to why it took approximately six weeks for the notice to be brought to his attention even if sent to the wrong office. Surely it was the mistake of the attorney rather than the administration that he did not check his

mail for a month and a half at the Irvine office, which is the conclusion one draws from his statements. Under these circumstances, the plaintiff appears to have had at least constructive notice of the Appeals Council notice and his ignorance of the filing requirement was not reasonable.

The Court notes that the Appeals Council notice provides that in the event one cannot file for Court review within 60 days, "...you may ask the Appeals Council to extend your time to file." (Plaintiff's Exhibit 2 page 2). Caudill and his attorney knew by at least mid-October of 2006 that they needed to file the court action and would have trouble doing so in a timely fashion. However, they do not appear to have sought an extension. This shows a lack of diligence in pursuing this claim.

Accordingly, the motion to dismiss will be granted.

This the 10th day of April, 2007.

Signed By:

G. Wix Unthank

United States Senior Judge