UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-542-GWU

KRAIG CAUDILL, PLAINTIFF,

VS: **MEMORANDUM OPINION and ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

**INTRODUCTION**

Kraig Caudill originally brought this action to appeal from the negative administrative action on his application for Disability Insurance Benefits (DIB). The plaintiff seeks to alter or amend a judgment entered by the Court on April 10, 2007 granting the defendant's motion to dismiss the action on the ground that the appeal was not filed within the requisite sixty-day period required by 42 U.S.C. Section 405(g).

**DISCUSSION**

Caudill asserted that equitable considerations existed which supported a claim for "equitable tolling" of the statute of limitations. He argued that his attorney, Rodney Davis, did not receive notice from the Appeals Council until approximately two weeks before the time period had run. This was because the notice had been sent to the attorney's Irvine office rather than to his Richmond office. Davis claimed that he had had an agreement with the local Social Security office for all Social Security-related matters to be sent to the Richmond office, and that this mistake by the administration caused the delay and supported a claim for "equitable tolling." The undersigned rejected this

argument, in part because Caudill submitted no supporting evidence to show the existence of such an agreement.

Attached to Caudill's motion to alter and amend is a affidavit from Rebecca Werner, Davis' secretary at the Irvine office. Werner affirms that an agreement did exist between the local Social Security office and the Davis law office for the past three years to direct all Social Security-related matters to the Richmond office. She further asserts that the arrival of the Appeals Council notice at the Irvine office created significant confusion and delay in the processing of the plaintiff's claim. The claimant asserts that this affidavit should be sufficient to establish his claim for "equitable tolling" of the statute of limitations.

The undersigned cannot agree with Caudill's argument. The defendant has noted that the agreement was between the local Social Security office and the office of Davis. However, the Appeals Council office is located in Falls Church, Virginia and the notice came from that office, not the local Social Security office. The plaintiff has not asserted that any agreement existed between the office of the Appeals Council and that of Davis to direct all correspondence to Richmond rather than Irvine. Furthermore, the defendant notes that the Irvine office address was on the June 2, 2006 letter from Rodney Davis informing the Appeals Council of his client's wish to appeal the denial decision of the Administrative Law Judge. Defendant's Response to Plaintiff's Motion to Alter or Amend Judgment, Docket Entry No. 13, Exhibit B, 1. Thus, the use of the Irvine address by the Appeals Council does not appear unusual.

The Court notes other reasons existed to deny a claim for "equitable tolling" beyond the issue concerning to which office correspondence to Davis should have been directed. The plaintiff himself should have received the notice

in a timely fashion and no evidence has ever been presented indicating he did not or stating the reason he did not notify Davis of this fact and act to protect his rights. Furthermore, Davis indicated that he learned of the problem in mid-October. This would have left approximately two weeks for the attorney to seek an extension of time from the Appeals Council to file the court action. The Appeals Council letter specifically indicated that this was an option. (Defendant's Exhibit 2, 2). Caudill's current motion does not address either of these concerns of the Court.

The Court acknowledges the hardship to Caudill of denying this motion. However, the plaintiff has simply failed to make a case for "equitable tolling" of the statute of limitations.

Accordingly, the motion to alter or amend is denied.

This the 14th day of May, 2007.

**Signed By:**

***G. Wix Unthank***

**United States Senior Judge**